CROWELL, Ad., vs. PACKARD, Sp. Ad.

1. VENDOR AND VENDEE: *Avoiding payment of purchase-money.*
   A vendee who takes a deed for land without covenants of warranty, can not avoid the payment of the purchase-money, unless fraud has been practiced upon him.

2. SAME: *Covenants against incumbrances cover taxes.*
   Taxes on land, due at the time of the sale, are a lien upon it, and covered by the vendor's covenant against incumbrances suffered by him.

APPEAL from *Jefferson* Circuit Court.
Hon. J. A. WILLIAMS, Circuit Judge.
*Bell*, for appellant.

HARRISON, J.    This action was brought by William M. Brown, against Buckley L. Crowell, on a promissory note for $250, dated January 29, 1874, and payable December 1, 1874, with 10 per cent. interest from date until paid.

The defendant pleaded that the consideration of the note had failed.    He averred that it was given in the purchase of a tract of land—consisting of the east half of the northeast quarter of section five, and the northwest fractional quarter, and the west part of the northeast quarter of section four, in township seven south, of range seven west, and containing 260 acres.    That to induce him to purchase the land, the plaintiff falsely and fraudulently represented to him that it had been sold for taxes in 1868; that the title of the purchaser at the tax sale had been conveyed to him, and that, except as to the right of minor heirs of the former owner, if there were any, to redeem, he had a valid title to it.    That confiding in the plaintiff's representations, he purchased the land from him at the price of $1,500, and

paid him $1,250 in cash, and gave him the note for the remainder; and the defendant made him a deed, covenanting therein against incumbrances done or suffered by himself, but not against the claims of others. That 120 acres of the land—the south half of the said northwest fractional quarter of section four, and the southeast quarter of the said northeast quarter of section five—which was wild and unimproved, and of which the plaintiff had no actual possession, was, at the time of the purchase, the property of William E. Woodruff, who had paid the taxes on the same regularly, and it was not sold for taxes in 1868, and the plaintiff had no color of title thereto.

That, having no knowledge of Woodruff's title, he entered into possession of the said 120 acres and made valuable improvements thereon; that that portion of the land was worth $362, and he had since purchased the same from Woodruff at that price. That another part of the tract—the northeast quarter of the said northeast quarter of section five—had been, in 1873, forfeited for taxes—and he had, since his purchase, been compelled to pay $53.25 to redeem it.

That the plaintiff, when he sold defendant the land, agreed and promised to pay the taxes of 1873, and that he had failed to do so, and he, the defendant, to save that part of the land he obtained title to, from sale or forfeiture, was compelled to pay the taxes on it—which amounted to $17.64.

Both the plaintiff and the defendant died, before the trial, and the cause was revived in the name of W. L. Packard, as special administrator of the plaintiff, and against Mary J. Crowell, as administratrix of the defendant.

The cause was tried by the court, which found as conclusions of fact: That the note was given in the purchase

of the land mentioned in the answer ; that the northeast quarter of the northeast quarter of section five was forfeited for taxes in 1873, and the defendant's intestate, after he purchased, paid $53.25 to redeem the same; and that the south half of the northwest fractional quarter of section four, and the southeast quarter of the northeast quarter of section five, were owned by William E. Woodruff, and he had since purchased those parcels from him, and paid for the same $362; and it declared as conclusions of law:

1. That the failure of the title as to the land Woodruff owned, was not a failure of the consideration of the note; and,

2. That there was a failure of consideration to the amount paid to redeem that forfeited for taxes ; and, thereupon, found for the plaintiff the sum of $275.43.

The defendant moved for a new trial; her motion was overruled, and she appealed.

The grounds assigned in the motion for a new trial were, that the court erred in its conclusions of law, and that its findings were contrary to the evidence.

There was no finding by the court as to the alleged fraudulent representations.

The Woodruff land, it was proven, had not been sold for taxes, and it had been conveyed to the defendant's intestate along with the other by a quit claim deed from Mark Noble; and there was no evidence that when the plaintiff's intestate sold that, he was aware that it had not been sold for taxes.

Though it was proven, as alleged, that Brown asserted that the tax-title was good and valid, his deed contained no warranty of title, and he in express words covenanted against himself only; and it is to the deed that we are to look for the contract between the parties.

A vendee who takes a deed for land without covenants of warranty can not avoid the payments of the purchase-money unless fraud has been practiced upon him. *McDaniel v. Grace, 15 Ark., 465.*

1. VENDEE: Avoiding payment of purchase money

But if there had been a warranty of title, the proof showed that Crowell entered into possession and made improvements on the part to which he acquired no title, before he purchased it from Woodruff or knew that his grantor had no title, and there had been no eviction. There was not, then, a total failure of title. It has been repeatedly held by this court that a partial failure in title to real estate, where there was no fraud, is no defense to an action on a note given in the purchase of it. *Wheat v. Dotson, 12 Ark., 699; Walker v. Johnson, 13 Ark., 522; McDaniel v. Grace, supra; Barnes v. Anderson, 21 Ark., 125.*

The evidence showed that Crowell, in addition to the money to redeem the forfeited land, paid $17.64 taxes of 1873 on the land to which he got title. The taxes were a lien on the land—an incumbrance suffered by Brown, which he, in his deed, covenanted against. *Sec. 5153, Gantt's Digest.*

2. ————: Covenants against incumbrance cover taxes

There was, then, a further failure of the consideration of the note to the extent of the sum paid to remove this incumbrance, but the court did not so find, and in this there was error.

The judgment of the court below will, therefore, be reversed, and the cause remanded to it for further proceedings, unless the appellee shall consent to enter a remittitur for the sum of $17.64 and pay the costs of the appeal.